# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DZ BANK AG DEUTZCHE ZENTRAL-**
**GENOSSENSCHAFTSBANK,**
**FRANKFURT AM MAIN, NEW YORK**
**BRANCH,**

**-vs-**  Case No. 6:09-cv-1214-Orl-19DAB

**DENISE DAVIS,**

        **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR EXTENSION OF TIME TO FILE CASE MANAGEMENT REPORT (Doc. No. 14)**
>
> **FILED:** **September 25, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

> **MOTION:** **MOTION TO SUBSTITUTE PARTY PLAINTIFF (Doc. No. 15)**
>
> **FILED:** **September 25, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and the case **dismissed** for lack of standing.

Plaintiff DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH (herein "DZ Bank") moves to substitute WIN INSURANCE SERVICES, LLC (herein "Win") as party Plaintiff in this action, under the authority of Rule 25(c), Federal Rules of Civil Procedure. According to the motion, on **June 29, 2009,** DZ Bank sold all of its interest in the Promissory Note which is the subject of this suit to WIN. DZ Bank filed this action on **July 13, 2009.**[1] As such, DZ Bank had no standing to bring the suit and has no standing to prosecute the instant motions.

> As the United States Supreme Court has noted:
>
> We begin with the most basic doctrinal principles: Article III, § 2, of the Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies." That case-or-controversy requirement is satisfied only where a plaintiff has standing. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact ( i.e., a "concrete and particularized" invasion of a "legally protected interest"); (2) causation ( i.e., a " 'fairly ... trace[able]' " connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability ( i.e., it is " 'likely' " and not "merely 'speculative' " that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (calling these the "irreducible constitutional minimum" requirements).

*Sprint Communications Co., L.P. v. APCC Services, Inc*., ___ U.S. ___, 128 S.Ct. 2531, 2535, 171 L.Ed 2d 424 (2008). The "injury-in-fact" requirement means that a plaintiff must have personally suffered an injury. *See, e.g., Lujan*, 504 U.S. at 560 n. 1, 112 S.Ct. 2130 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."); *see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ("Art[icle] III requires the party who invokes the court's

---

[1] Plaintiff contends that "WIN became the owner of the Loan in the midst of this lawsuit." (Doc. No. 15 at 2). This is obviously incorrect as, according to the dates provided, WIN became the owner of the Loan *prior to* the institution of this lawsuit.

authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.") (internal quotation marks omitted); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) (a party may invoke the court's authority only in order to "seek redress for injury done to him ... not [to] seek redress for injuries done to others"). As is clear, at the time the suit was filed and at all times since, DZ Bank had, in its words, no "right, title or interest" in the Note sued upon and thus, suffered no injury in fact. Absent standing, its Complaint must be dismissed.

In an attempt to salvage the suit, DZ Bank seeks leave to substitute the correct Plaintiff pursuant to Rule 25(c), which allows for substitution of parties if an interest is transferred. However, as Plaintiff admits in its papers, "Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins." *Janice Andrews v. Lakeshore Rehabilitation Hospital,* 140 F. 3d 1405, 1407 (11th Cir. 1998).[2] Moreover, Plaintiff's assertion that Defendant will suffer no prejudice if the substitution is allowed is of no moment. As DZ Bank did not have any interest in the Note at any time relevant to this suit, it has no standing to prosecute this motion. Absent standing, there is no case or controversy presently pending before this Court.

For the foregoing reasons, it is **respectfully recommended** that the motions be **denied** and the case be **dismissed** for lack of standing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2]The Court wonders why Plaintiff's counsel chose to prosecute the instant motion, in view of the binding precedent to the contrary cited. This conduct comes perilously close to being sanctionable.

Recommended in Orlando, Florida on September 29, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy