**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DZ BANK AG DEUTZCHE ZENTRAL-
GENOSSENSCHAFTSBANK,
FRANKFURT AM MAIN, NEW YORK
BRANCH,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-1214-Orl-19DAB**

**DENISE DAVIS,**

        **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1. Motion for Leave to Substitute WIN Insurance Services, LLC as Party Plaintiff and File First Amended Complaint by Plaintiff DZ Bank AG Deutzche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch (Doc. No. 15, filed Sept. 25, 2009);

2. Report and Recommendation of United States Magistrate Judge Denying the Motion of Plaintiff DZ Bank for Leave to Substitute WIN Insurance Services, LLC as Party Plaintiff and File First Amended Complaint (Doc. No. 16, filed Sept. 29, 2009); and

3. Objection of Plaintiff DZ Bank to the Magistrate Judge's Report and Recommendation (Doc. No. 17, filed Oct. 13, 2009.)

**Background**

On May 31, 2006, Brooke Credit Corporation ("BCC") and Defendant Denise Davis executed a Promissory Note, Loan No. 5407 (the "Loan") in which BCC agreed to loan Davis $132,000.[1] (Doc. No. 1 ¶ 2.) BCC later assigned the Loan to Brooke Credit Funding, LLC ("BCF"), and BCF pledged the Loan to its lenders as security. (*Id.* ¶ 4.) BCF's senior secured creditors are Autobahn Funding Company, LLC ("Autobahn") and Plaintiff DZ Bank AG Deutzche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch ("DZ Bank"). (*Id.* ¶ 5.) Autobahn appointed DZ Bank as its agent, authorizing DZ Bank to enforce its rights under the Loan in DZ Bank's name. (*Id.*) BCF subsequently defaulted on its obligation to DZ Bank. (*Id.* ¶ 6.) As a result, DZ Bank, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure Release and Acknowledgment Agreement, as well as an Omnibus Assignment Agreement. (*Id.* ¶¶ 7, 13.) Under these Agreements, DZ Bank acquired full ownership of the Loan. (*Id.* ¶ 8.) DZ Bank contends that the Defendant defaulted on the Loan and has yet to pay the outstanding balance. (*Id.* ¶ 14.)

On June 29, 2009, the Plaintiff entered into a Loan Sale Agreement ("Agreement") with WIN Insurance Services ("WIN"), whereby WIN purchased DZ Bank's right, title, and interest in the Defendant's Loan. (Doc. No. 17-1, filed Oct. 13, 2009.) On July 13, 2009, DZ Bank filed the present action, demanding payment of the outstanding balance, attorneys' fees, costs, and interest. (*Id.* ¶ 18.) On September 25, 2009, DZ Bank filed a Motion for Leave to Substitute WIN as Party Plaintiff. (Doc. No. 15.) The Magistrate Judge issued a Report and Recommendation recommending that the Motion be denied because DZ Bank lacked standing to bring the suit and to prosecute the Motion.

---

[1] These facts are recited for contextual purposes and are set forth in the light most favorable to the Plaintiff.

(Doc. No. 16.) DZ Bank filed an Objection to the Report and Recommendation alleging that the Loan Sale Agreement did not become effective until July 29, 2009, and therefore DZ Bank had standing to bring the present action and to prosecute the Motion to Substitute. (Doc. No. 17.)

**Standard of Review**

**I. Objection to a Report and Recommendation of a United States Magistrate Judge**

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84; *see also* 28 U.S.C. § 636(b)(1). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). **II. Motion to Amend**

The Federal Rules of Civil Procedure state that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). While discretion whether to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for the denial of a motion to amend. *Foman v. Davis*, 371 U.S. 178 (1962). A district court, however, may properly deny leave to amend a complaint under Rule 15(a) when such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

**Analysis**

**I. Procedural History**

On Sept. 25, 2009, DZ Bank filed a Motion for Leave to Substitute WIN as Party Plaintiff. (Doc. No. 15.) The Motion states that "[o]n June 29, 2009, DZ Bank as Autobahn's agent, sold all of its right, title, and interest in the Loan to WIN."[2] (*Id.* ¶ 2.) The United States Magistrate Judge recommended that the Motion be denied and that the case be dismissed for lack of standing. (Doc. No. 16.) In issuing the recommendation, the Magistrate Judge determined that DZ Bank sold all right, title, and interest in the Loan to WIN on June 29, 2009, prior to the commencement of the present action on July 13, 2009. (*Id.*) DZ Bank objected to the Report and Recommendation, claiming that the Loan Sale Agreement did not become effective until July 29, 2009, when WIN deposited the purchase price into DZ Bank's account. (Doc. No. 17.)

**II. Substitution of Parties**

DZ Bank seeks leave to substitute WIN as the Party Plaintiff in the present action. (Doc. No. 15.) Federal Rule of Civil Procedure 25(c) governs the substitution of parties during pending litigation due to a transfer of interest. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1985). The rule states in pertinent part:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Fed. R. Civ. P. 25(c). Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins. *Andrews v. Lakeshore Rehab.*

---

[2] The Motion also states, however, that "WIN became the owner of the Loan in the midst of this lawsuit." (Doc. No. 15 ¶ 5.)

*Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998) (citing *Buena Vista*, 748 F.2d at 610). The decision to allow substitution under Rule 25(c) is discretionary. *Buena Vista*, 748 F.2d at 610; *Collateral Control Corp. v. Deal*, 638 F.2d 1357, 1360 (5th Cir. 1981).

In the present case, the Loan Sale Agreement ("Agreement") between DZ Bank and WIN was executed on June 29, 2009. However, Paragraph B(1)(c) of the Agreement states that "[n]otwithstanding anything in this Agreement to the contrary, the Sale shall not become effective unless and until the Purchase Price shall have been deposited into the account of the Seller . . . ." (Doc. No. 17-1.) In the Objection to the Report and Recommendation, DZ Bank provides a Declaration of Rick Moore, President of WIN, wherein Moore states that the Purchase Price was not deposited into DZ Bank's account until July 29, 2009. As a result, DZ Bank retained all right, title, and interest in the Loan until July 29, 2009 and therefore had standing to file suit against the Defendant on July 13, 2009. *See Virgo v. Rivera Beach Assocs., Ltd*, 30 F.3d 1350, 1358 (11th Cir. 1994) (concluding that sworn testimony from the president of the company was a sufficient basis to establish a transfer of assets for the purposes of Rule 25(c)). Accordingly, the transfer of interest occurred during the pendency of the litigation, and the Court may grant substitution in its discretion pursuant to Rule 25(c). Because the record does not demonstrate that the Defendant will suffer any prejudice as a result of the proposed substitution, the Court will grant DZ Bank leave to substitute WIN as the Party Plaintiff.

**III. Motion for Leave to File First Amended Complaint**

DZ Bank requests leave to file an Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) in order to identify WIN as the Plaintiff and to include facts regarding the recent transfer of interest in the Loan from DZ Bank to WIN. (Doc. No. 15.) Rule 15(a)(2) states that a court "should

-5-

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of any "apparent or declared reason such as undue delay, bad faith or dilatory motive . . . the leave sought should, as the rule requires, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Geary v. City of Snellville*, 205 F. App'x 761, 763 (11th Cir. 2006). Having granted the Motion to Substitute WIN as Party Plaintiff, the record no longer presents any reason to deny the Plaintiff leave to amend. Accordingly, the Motion for Leave to Amend will be granted.

**Conclusion**

Based on the foregoing, the Objection of Plaintiff DZ Bank to the Magistrate Judge's Report and Recommendation (Doc. No. 17, filed Oct. 13, 2009) is **SUSTAINED**. The Motion for Leave to Substitute WIN Insurance Services, LLC as Party Plaintiff and File First Amended Complaint by Plaintiff DZ Bank AG Deutzche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch (Doc. No. 15, filed Sept. 25, 2009) is **GRANTED.**

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties